Barnard, P. J.
This action is brought to recover the amount of a bond made by the defendant to one Dunham, and by him assigned to the plaintiff. The execution of the bond was admitted, but tire defendant made two defenses to a recovery; First, that the bond was given for the balance due upon a loan made by the plaintiff to Braisted & Lord, to be used by them in an insurance business, and for which loan they promised to pay to the plaintiff an usurious rate of interest. That the bond of Dunham was simply „o Miller, and that he used Dunham’s name as obligee, as a cloak and cover to the transaction between the plaintiff and defendant, and that Dunham had no interest in the transaction. Upon this defense the evidence was conflicting.
The defendant testified to facts which made out the defense: That Miller, the plaintiff, was informed by the defendant that Braisted & Lord were engaged in lending money at the rate,of ten per cent a month, and that he would pay Miller five per cent a month, and that the plaintiff delivered to the defendant §2,000, to be left with Braisted & Lord on this agreement, and that the defendant gave plaintiff his note for the §2,000 for security. Lord supports the defendant in this evidence.
On the contrary, the plaintiff testified that the defendant borrowed the money for himself; that there was no usurious agreement; that he neither knew nor had heard of Braisted & Lord before the loan was made, and had never spoken to either of them, or received any interest from them ; that the plaintiff assigned the claim to Dunham in payment of a bill he held against the plaintiff for lumber and materials sold him by Dunham, and that when it was not paid the bond was taken to Dunham as the owner of the claim, which was assigned to plaintiff by Dunham when the same was not paid.
*775 The second defense was, that the plaintiff agreed to accept a deed of certain real estate in Richmond county, subject to a mortgage in full settlement, which he subsequently refused to take. Upon this defense, also the evidence of the parties was directly in conflict.
The defendant averred and testified to his averment, and the plaintiff testified that the offer of the deed was made, and that he never agreed to accept it, and refused to take the deed. The jury have found for the plaintiff on both issues.
As to the first defense, the fact that the defendant gave his own note for the original loan, is strongly in favor of the plaintiff’s theory. It was an unusual method for a person who was a mere agent to the transaction to become personally bound for the loan made to another person. A note to the person who made him the loan would be ordinarily, in the absence of an explanation, accompanied by a note for his debt.
As to the second defense, assuming that an oral agreement to take a deed in satisfaction would be binding as an executory contract, the jury have properly found that there was no such agreement. The defendant had the affirmative on both issues, and the verdict of the jury is controlling on appeal.
Judgment affirmed, with costs.
Dykman and Cullen, JJ,, concur.